UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Adrian Marion Smith,    #331894,<br><br>                    Petitioner,<br><br>vs.<br><br>**Barack Obama**, President, Commander in Chief of the United States of America;<br>**Marshall ("Mark") Clement Sanford, Jr.**, State of South Carolina Governor;<br>**Sonny Perdue**, State of Georgia Governor;<br>**Samuel B. Glover**, Director, State of South Carolina Department of Probation Parole and Pardon Services,;<br>**Heyward A. Hinton**, Director, DPPPS ;<br>**Commissioner**, United States Patent and Trademark Office;<br>**England**;<br>**Switzerland**;<br>**Japan**;<br>**Colombia**;<br>**Brazil**;<br>**South Africa**;<br>**World Trade Organization**;<br>**World Intellectual Property Organization**;<br>**Jon Ozmint**, SCDC Director,<br>and **The Congress**,<br><br>                    Respondents.<br>_____ | ) C/A No. 3:10-2689-MBS-JRM<br>)<br>)<br>)<br>)<br>)   Report and Recommendation<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

A Petition for Writ of Mandamus has been submitted to the Court *pro se* by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Petitioner is currently confined at Allendale Correctional Institution, part of

the South Carolina Department of Corrections (SCDC) prison system. According to information available to the public on the SCDC internet website's "inmate locator," Petitioner is serving a six-year sentence for a 2008 Aiken County burglary conviction. *See* SCDC, https://sword.doc.state.sc.us/incarceratedInmateSearch/index.jsp (last visited Jan. 11, 2011). He apparently has a detainer in his SCDC prison record under which he may be sent to Georgia to face pending criminal charges in that state. According to Petitioner's allegations, he wants this Court to issue a writ of mandamus to the President of the United States, the Governors of South Carolina and Georgia, two officials of the South Carolina Department of Probation and Parole Services (SCDPPS), and SCDC Director Jon Ozmint telling them that Petitioner must be immediately and fully pardoned and let out of prison. He also wants this Court to order a federal agency (the patent office), certain world trade organizations, and several foreign governments to issue patents and trademarks to him for undisclosed products or marks.

Review of this Court's records do not disclose that Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court, *see Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'"); *Mann v. Peoples First Nat'l Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties), and Petitioner provides no information about the status of any direct appeal or application for post-conviction relief that he might have pending in the South Carolina state courts relative to his burglary conviction and sentence. Moreover, although Petitioner seeks mandamus relief against certain federal and foreign-state trademark and patent officials and organizations, he provides this Court with no information about any formal steps he has taken

through any official patent office and/or through other professional, non-governmental organizations and entities named as Respondents in order to register and/or otherwise claim the patents and trademarks he seeks through this Petition.

## **Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007. When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

**Discussion**

It is well settled that a writ of mandamus is a drastic remedy which is used by courts only in "exceptional circumstances." The writ is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction. *See* 28 U.S.C. § 1361; *Gurley v. Super. Ct. of Mecklenburg County*, 411 F.2d 586, 587-88 (4th Cir. 1969). It is well settled that a federal court may not issue a writ of mandamus to a state official or employee directing them to do anything. A federal district court may issue a writ of mandamus only against an employee or official of the United States. *Moye v. Clerk, DeKalb County Sup. Ct.*, 474 F.2d 1275, 1275-76 (5th Cir.1973)(federal courts do not have original jurisdiction over mandamus actions to compel an officer or employee of a state to perform a duty owed to the petitioner); *see also In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001)(same; collecting cases); *In re Carr*, 803 F.2d 1180, 1180 (4th Cir. 1986)(unpublished opinion)(same). Moreover, the foreign nations of England, Switzerland, Japan, Colombia, Brazil, and South Africa are immune from lawsuits such as this one because the subject matter of Petitioner's claims do not fall within any of the recognized exceptions to the Foreign Sovereign Immunities Act since Petitioner is trying to force them to perform official, but discretionary, acts such as granting patents and trademarks. 28 U.S.C. §§ 1604, 1605-07; *see Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 486-88 (1983). Accordingly, the Petition in this case fails to state a claim upon which relief may be granted against Defendants Stanford, Perdue, Glover, Hinton, Ozmint, England, Switzerland, Japan, Colombia, Brazil, and South Africa. This case is, therefore, subject to summary dismissal as to these state officials and foreign nations.

With regard to the requested issuance of a writ of mandamus to the remaining Defendants: President Obama, the Congress, the Commissioner of the Patents and Trademark Office, The World

4

Trade Organization, and the World Intellectual Property Organization, assuming the "organizations" are even entities otherwise subject to federal jurisdiction, the Petition also fails to state a claim upon which relief may be granted. This is true because Petitioner does not allege and it cannot be determined that he exhausted all other available avenues to obtain the relief he requests (release from prison and award of patents/trademarks) prior to filing this Petition. The United States Supreme Court has discussed the extraordinary nature of the mandamus writ and the fact that only in exceptional circumstances may it be issued as follows:

> In order to insure that the writ will issue only in extraordinary circumstances this Court has required that a party seeking issuance have no other adequate means to attain the relief he desires, *ibid.*; *Roche v. Evaporated Milk Assn.*, *supra,* 319 U.S., at 26, 63 S.Ct., at 941, and that he satisfy the "burden of showing that [his] right to issuance of the writ is 'clear and indisputable.' " *Bankers Life & Cas. Co. v. Holland*, *supra*, 346 U.S., at 384, 74 S.Ct., at 148, *quoting United States v. Duell*, 172 U.S. 576, 582, 19 S.Ct. 286, 287, 43 L.Ed. 559 (1899). In short, our cases have answered the question as to the availability of mandamus in situations such as this with the refrain: "What never? Well, hardly ever!"

*Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35-36 (1980)(emphasis added).

The Fourth Circuit also emphasizes that the availability of an alternative remedy is central to the consideration of whether the case is *exceptional* enough to warrant issuance of a writ of mandamus. That court has clearly held that where there is an alternate way for the petitioner to obtain the relief he desires, mandamus will not lie. *Petition of Int'l Precious Metals Corp.*, 917 F.2d 792 (4th Cir. 1990); *see Chatman-Bey v. Thornburgh*, 864 F.2d 804 (D.C. Cir. 1988)(prisoner dissatisfied with his projected release date not entitled to mandamus; available remedy under 28 U.S.C. § 2241). Furthermore, the duties claimed to be owed by the officer or employee of the United States must be "plainly defined and peremptory" and not discretionary in order for mandamus to issue to compel the performance of such duty. *See United States v. Helvering*, 301 U.S. 540 (1937).

Although Petitioner appears to have at least begun the exhaustion of the administrative remedies process within SCDC with regard to undisclosed aspects of his current claims, it does not appear that he has filed a federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 raising his contentions about the validity of his conviction/sentence/confinement. Under § 2254, a district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." It has been held by the United States Supreme Court that claims seeking "a quantum change in the level of custody," including "freedom subject to the limited reporting and financial constraints of bond or parole or probation," and/or complete release from incarceration are properly considered in habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 82, 86 (2005). Accordingly, with regard to his request for mandamus relief from his current incarceration, Petitioner must pursue that adequate and available remedy before his case may be considered "exceptional" enough to warrant use of the extraordinary writ of mandamus to address his concerns about the validity of his conviction and sentence. Also, the duty of granting absolute pardons and release from prison, allegedly owed by Respondents Obama and/or the Congress, is not plainly defined and peremptory. *See Helvering*. Accordingly, no claim upon which relief may be granted is stated against Respondents Obama and the Congress.

Finally, mandamus relief is not available to Petitioner with regard to his desire for the issuance of patents and trademarks by the remaining Respondents: the Commissioner of the United States Patent and Trademark Office, World Trade Organization, and World Intellectual Property Organization, for the same reason that the relief requested from President Obama and the Congress was not available: Petitioner has not exhausted all available alternative remedies. Petitioner does not indicate that he

submitted any applications for patents or registrations of trademarks with either the federal patent and trademark agency or with either of the other two non-governmental "organizations" listed as Respondents. He does not claim to have any such applications or registrations pending or denied. Clearly he must take the first step of submitting an application or registration document and obtaining a ruling on it by a responsible agency or organization before he can come to this Court and request it to require action of another person or entity. Also, the duty of granting patents and trademarks, allegedly owed by Respondents Commissioner and World Trade and Intellectual Property organizations, is not plainly defined and peremptory. Rather, it is a discretionary duty and, thus, not a subject for mandamus relief. *See Helvering*. Accordingly, no claim upon which relief may be granted is stated against Respondents the Commissioner of the United States Patent and Trademark Office, World Trade Organization, and World Intellectual Property Organization.

## Recommendation

Accordingly, it is recommended that the Petition for a Writ of Mandamus in this case be dismissed *without prejudice* and without issuance and service of process upon Respondents.

Petitioner's attention is directed to the important notice on the next page.

Joseph R. McCrorey
United States Magistrate Judge

January 12, 2011
Columbia, South Carolina

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).