IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Adrian Marion Smith, #331894,  )<br>)<br>Petitioner,  )<br>)<br>vs.  )<br>)<br>Barak Obama, President, Commander in  )<br>Chief of the United States of America;  )<br>Marshall ("Mark") Clement Sanford, Jr.,  )<br>State of South Carolina Governor; Sonny  )<br>Perdue, State of Georgia Governor;  )<br>Samuel B. Glover, Director, State of  )<br>South Carolina Department of Probation,  )<br>Parole and Pardon Services; Heyward A.  )<br>Hinton, Director, DPPPS; Commissioner,  )<br>United States Patent and Trademark  )<br>Office; England; Switzerland; Japan;  )<br>Colombia; Brazil; South Africa; World  )<br>Trade Organization; World Intellectual  )<br>Property Organization; Jon Ozmint, SCDC  )<br>Director, and The Congress,  )<br>)<br>Respondents.  )<br>_____) | C/A No. 3:10-2689-MBS<br><br><br><br><br>**O R D E R** |

      Petitioner Adrian Marion Smith is an inmate in custody of the South Carolina Department of Corrections (SCDC) who currently is confined at the Allendale Correctional Institution in Fairfax, South Carolina. Petitioner, proceeding pro se, filed a petition for writ of mandamus on October 27, 2010. Petitioner seeks a mandamus compelling his pardon.

      In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. §§ 1915 and 1915A. On January 13, 2011, the Magistrate Judge issued a Report and Recommendation in which he noted that a writ of mandamus is a drastic remedy that is used by courts only in exceptional circumstances. See <u>In re</u>

McCotter, 89 F. App'x 429, 429 (4th Cir. 2004). The Magistrate Judge determined that (1) a federal court may not issue a writ of mandamus to a state official or employee; (2) England, Switzerland, Japan, Colombia, Brazil, and South Africa are immune pursuant to the Foreign Sovereign Immunities Act; and (3) Petitioner has failed to exhaust his administrative remedies. Accordingly, the Magistrate Judge recommended that the petition be summarily dismissed without prejudice and without issuance and service of process upon respondents. Petitioner filed objections to the Report and Recommendation on January 27, 2011.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

In his objections, Petitioner essentially reiterates the allegations of his complaint and states that he objects to the entire text of the Report and Recommendation. The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

Nevertheless, the court has thoroughly examined the record. The court adopts the Report and Recommendation and incorporates it herein by reference. Petitioner's petition for a writ of mandamus is dismissed without prejudice and without issuance and service of process upon

Respondents.

    **IT IS SO ORDERED**.

                                /s/ Margaret B. Seymour
                                United States District Judge

Columbia, South Carolina

June 2, 2011

**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**